# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

  v.              Case No. 07-CR-162

**EDUARDO TINOCO**
  **Defendant.**

## SENTENCING MEMORANDUM

Defendant Eduardo Tinoco pleaded guilty to unlawful re-entry after deportation, contrary to 8 U.S.C. § 1326, and the case proceeded to sentencing. Post-Booker, the district court engages in a two-part sentencing procedure: (1) properly calculate the guideline range; and (2) select an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

## I. GUIDELINE CALCULATION

The probation office initially calculated an offense level of 21: base level 8 under U.S.S.G. § 2L1.2(a), plus 16 based on defendant's prior conviction of escape under Wisconsin law, a "crime of violence" under § 2L1.2(b)(1)(A)(ii), and minus 3 for acceptance of responsibility under § 3E1.1. Coupled with a criminal history category of V, the probation office recommended a guideline range of 70-87 months.

Defendant objected to the 16 level enhancement under § 2L1.2(b)(1)(A)(ii), arguing that his escape conviction did not qualify as a "crime of violence" under that guideline. The government and probation office conceded, and I agreed, that escape under Wisconsin law

does not qualify under § 2L1.2(b)(1)(A)(ii) because it does not have as an element the use, attempted use or threatened use of physical force, nor is it an enumerated offense under application note 1(B)(iii).[1] Therefore, the 16 level enhancement did not apply.

However, I concluded that the escape conviction did require an 8 level enhancement under § 2L1.2(b)(1)(C). That provision applies if the defendant has previously been convicted of an "aggravated felony," borrowing the definition of that term from 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2 cmt. n.3(A). Section 1101(a)(43), in turn, includes as aggravated felonies "crimes of violence" within the meaning of 18 U.S.C. § 16, which uses a broader definition of the term than U.S.S.G. § 2L1.2(b)(1)(A)(ii), i.e. an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Although this language is not identical to that under the career offender guideline, U.S.S.G. § 4B1.2(a)(1),[2] and Armed

---

[1] The application note explains that "crime of violence" under § 2L1.2(b)(1)(A)(ii) means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state or local law that has as an element the use, attempted use or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The offense of escape under Wis. Stat. § 946.42 has the following elements: (1) that the defendant was in custody; (2) that the custody was the result of a lawful arrest for a crime; (3) that the defendant escaped from custody; and (4) that the escape was intentional. Wis JI-Criminal 1773.

[2] Under the career offender guideline, crime of violence means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a).

2

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B),[3] it is close, and the Seventh Circuit has consistently held that escape qualifies as a crime of violence/violent felony under those similar provisions. See, e.g., United States v. Chambers, 473 F.3d 724, 726 (7th Cir. 2007) (holding that escape is a crime of violence under the ACCA); United States v. Golden, 466 F.3d 612, 615-16 (7th Cir. 2006) (same); United States v. Bryant, 310 F.3d 550, 553-54 (7th Cir. 2003) (holding that escape is a crime of violence under U.S.S.G. § 4B1.2); see also United States v. Avalos, 506 F.3d 972, 980 (10th Cir. 2007) ("[W]e have repeatedly held that escape is categorically a crime of violence because it 'always constitutes conduct that presents a serious potential risk of physical injury to another.'"). Thus, I concluded that under the logic of those cases escape qualifies as a crime of violence under 18 U.S.C. § 16 and U.S.S.G. § 2L1.2(b)(1)(C). See also Canada v. Gonzales, 448 F.3d 560, 570-71 (2d Cir. 2006) (finding that escape is a crime of violence under 18 U.S.C. § 16); United States v. Aragon, 983 F.2d 1306, 1313 (4th Cir. 1993) (holding that attempting to rescue or assist in the escape of a federal prisoner is categorically a "crime of violence" under 18 U.S.C. § 16(b)). Therefore, I imposed an 8 level enhancement based on the escape conviction.

Based on these findings, I adopted a final offense level of 13 (8 + 8 − 3), a criminal history category of V, and an imprisonment range of 30 to 37 months. I proceeded then to imposition of sentence under 18 U.S.C. § 3553(a).

---

[3] Under the ACCA, the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).

3

## II. IMPOSITION OF SENTENCE

**A. Section 3553(a) Factors**

In imposing sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Harris</u>, 490 F.3d 589, 593 (7th Cir. 2007), <u>cert. denied</u>, 76 U.S.L.W. 3347 (U.S. Jan. 7, 2008). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. <u>Id.</u> In determining a sufficient sentence, the district court may not presume that the guideline

4

sentence is the correct one. Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**B.    Analysis**

    **1.    Nature of Offense**

Defendant, a citizen of Mexico, originally came to the United States with his father illegally in 1985. He eventually made his way to Kenosha, Wisconsin to be near his brother and lived in that city until his deportation in 2003, subsequent to his conviction for felony escape in Kenosha County Circuit Court. He admitted to returning within about eight months in May 2004. In June 2007, he was "found" by immigration authorities after a traffic stop by Kenosha police. Defendant indicated that he returned to this country to make money because there is no work in Mexico.

    **2.    Character of Defendant**

Defendant was forty-one years old and had a fairly significant record, including convictions for obstructing an officer, causing injury while intoxicated, fourth degree sexual assault, criminal trespass to dwelling, bribery of a public official and escape, all prior to his deportation, and additional offenses of drunk driving and possession of marijuana after his return.

Defendant never obtained lawful status in this country, and all of his family save his

brother remained in Mexico. However, he declined to provide much information about his familial situation to the probation office. Probation also could not verify his employment in this country. He appeared to have a serious problem with alcohol, as he admitted and as his .240 BAC in the 2006 drunk driving case verified. He also admitted use of marijuana.

C.  **Purposes of Sentencing and Consideration of Guidelines**

The guidelines recommended a term of 30-37 months. Under all of the circumstances, I found that a substantial prison term was necessary to satisfy the purposes of sentencing. The offense was serious based on defendant's lack of legal status at any time, his prompt return after removal, and his commission of new crimes after re-entry. Therefore, a significant term was needed to provide just punishment and promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A). I also concluded that a prison term was needed to protect the public, given defendant's record, see § 3553(a)(2)(C), and to deter him from committing further offenses, see § 3553(a)(2)(B).

I imposed a sentence slightly below the guidelines' recommendation to recognize the fact that the range was elevated 8 levels based on the designation of defendant's walk-away escape from a work release facility as a crime of violence under § 2L1.2(b)(1)(C). As Judge Posner discussed in Chambers, there are strong reasons to question whether such offenses really should be considered crimes of violence. See Chambers, 473 F.3d at 726 ("There would be no impropriety in dividing escapes, for purposes of 'crime of violence' classification, into jail or prison breaks on the one hand and walkaways, failures to report, and failures to return, on the other."). I found it appropriate, considering the particular circumstances of defendant's escape (a walk away/failure to return to a Huber facility), to adjust the sentence somewhat. Under the circumstances, I found a sentence of 24 months sufficient but not greater than

6

necessary. This sentence varied from the guidelines by just 2 levels and was based on the particular facts of the case, so it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6). This sentence was also in the middle of the range using the 4 level enhancement under § 2L1.2(b)(1)(D) defendant requested, rather than the 8 levels under sub-(C). I noted that I would have imposed the same sentence had the enhancement been 4 levels rather than 8.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 24 months. I recommended that he participate in any substance abuse treatment programs available. See 18 U.S.C. § 3553(a)(2)(D). The guidelines recommended supervised release in this case, but the statute of conviction did not mandate supervision. Given the fact that defendant would be deported upon completion of his sentence and thus not available for supervision, I saw no need for supervised release. See United States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007) (noting that "supervised release is discretionary absent a separate statutory provision making it mandatory"). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge